Coe v. N. J. Midland Railway Co.

GEORGE S. COE and others, trustees,

*v.*

THE NEW JERSEY MIDLAND RAILWAY COMPANY and others.

The court will consider specific complaints of maladministration against a receiver, notwithstanding the irregularity of the method by which they are brought to its notice, *e. g.* by way of petition under an order for leave to answer, &c., in the name of the receiver in a foreclosure suit.

Bill to foreclose.   Petition to remove receivers.

*Mr. E. A. S. Man,* for the petitioners.

*Mr. Ashbel Green,* for the receivers.

THE CHANCELLOR.

By an order made in this cause, leave was given to David B. Halstead, Joseph Balestier and John J. Brown to put in for themselves and others, first mortgage bondholders, in the name of Garret A. Hobart, the receiver in insolvency, such answer in this suit as they might be advised to put in to protect their interests. They were also thereby authorized to take such further and other proceedings in the future conduct of the cause, in the name of the receiver, as they might be advised would be proper.   Under that permission Mr. Halstead, representing certain of the first mortgage bondholders, has, in the name of Mr. Hobart, as receiver, presented a petition praying the removal of the receivers (Mr. Hobart and Mr. McCulloh) in this suit, and the appointment of the former as sole receiver.   The ground of the application is mismanagement of the trust.   The petition is verified by the oaths of Mr. Halstead and Mr. Dechert, the former stating that he is the chairman, and the latter that he is the secretary, of what is called the re-organization committee of the New Jersey Midland Railway Company.

The receivers have answered. It is hardly necessary to remark that in granting the leave given by the order above mentioned, such a proceeding as this was not contemplated. That, however, is a matter of but little importance. The petitioners are persons in interest in this suit, and the petition presents grave charges of mismanagement of the trust by the receivers which cannot fail to challenge the attention and scrutiny of the court. It is due to the receivers, no less than to the petitioners and the administration of justice, that they should receive careful consideration. They are verified by the oaths of Messrs. Halstead and Dechert only, and the oaths are of a general character. The answer is full and complete, replying to each of the charges explicitly and satisfactorily.

A careful examination of the petition and answer leads me to the conclusion that the receivers have, in all the matters which are made the subject of the charges, acted fairly and judiciously and with due regard to the interests of the trust. Among other things their accounts and method of book-keeping are called in question in the petition. These matters have very recently been submitted to the examination of John P. Stockton, Esq., a master of this court, to whom the accounts of the receivers were referred. In his report, dated the 2d day of January instant, he says that the receivers submitted to him all the books and vouchers of the company; that his examination was thorough and complete, and that he finds the accounts correct; that the books are properly kept and posted; that there is a proper and sufficient voucher signed, according to the form adopted by the receivers, for every expenditure; that all the money received by them has been charged to them, and that the accounts have been kept with care and in a manner highly creditable to the ability as well as the integrity of the receivers and their employes. It is apparent from the report that the master has been thorough in his investigation. Mr. Dechert was not only present but took an active part in it. The receivers, the auditor of

accounts, and book-keeper, paymaster, general freight agent and superintendent were all examined. There appears to be no ground whatever for calling in question the conduct of the receivers. The petition will be dismissed with costs to be paid by Messrs. Halstead and Dechert.